**QING YUN SUN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Respondents.**

**No. 08–0254–ag.**

United States Court of Appeals, Second Circuit.

Dec. 8, 2008.

88

Qing Yun Sun, pro se, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Hannah Baublitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Qing Yun Sun, a native and citizen of China, seeks review of a December 20, 2007 order of the BIA denying her motion to "reopen or remand" and affirming the February 21, 2006 decision of Immigration Judge ("IJ") Philip L. Morace denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qing Yun Sun,* No. A 95 687 887 (B.I.A. Dec. 20, 2007), *aff'g* No. A 95 687 887 (Immig. Ct. N.Y. City Feb. 21, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination in this case because it was based on Sun's admission that she lied in her airport and credible fear interviews. Sun claimed at those interviews that she feared persecution because she released a pregnant woman from detention, but her asylum application was based on her claim that she was herself forcibly aborted. The IJ's conclusion that Sun's false statements rendered her testimony incredible was a proper application

of *falsus in uno falsus in omnibus* (false in one thing, false in everything). 8 U.S.C. § 1158(a)(2)(B), (b)(2)(ii). "[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir.2007) (finding that "even ancillary evidence sometimes supports" the application of *falsus in uno.*). "[W]here an IJ's finding of fabrication (supported by substantial evidence) serves as the basis for discrediting other evidence, a reviewing court is in no position to conclude that the discrediting of the remaining evidence is unsupported by substantial evidence." *Id.*

Sun has presented no evidence compelling the conclusion that she testified credibly in light of her prior false statements. *See Xiu Xia Lin*, 534 F.3d at 167. No reasonable factfinder would be compelled to accept Sun's explanation that a snakehead told her to lie notwithstanding that the truth would have rendered her eligible for asylum. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Because the only evidence that Sun was likely to be persecuted or tortured depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief.[1] *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Additionally, the BIA did not abuse its discretion in denying Sun's motion to "reopen or remand" based on the additional evidence she submitted before the BIA on appeal. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). As the BIA found, the evidence Sun submitted did not indicate that she was in violation of the family planning policy.

Sun submitted additional evidence with her brief before this Court. We decline to consider it because it was not in the administrative record before the agency. *See* 8 U.S.C. § 1252(b)(4)(A) (stating that this Court "shall decide the petition only on the administrative record on which the order of removal is based"); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269–70 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Although the government asserts that Sun waived any challenge to the agency's denial of CAT relief, her argument in her *pro se* brief that she feared being tortured upon return preserved her challenge to the denial of that relief. *See Weixel v. Board of Educ.*, 287 F.3d 138, 145–46 (2d Cir.2002) (finding that this Court should construe *pro se* submissions to raise "the strongest arguments that they suggest").